UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DUNG V. HA, ET AL., | ) | CASE NO.1:07CV1788 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| PTL. CHARLES WEBER, ET AL., | ) | ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendants' Charles DeFelice and Medway Drug Enforcement Agency Motion to Abstain or Stay (ECF #8). For the following reasons, the Court grants Defendants' Motion, in part, and Stays Plaintiffs' Complaint against all Defendants.

**FACTS**

In June of 2006, Petitioner Dung Ha, a resident of the State of Georgia and presently incarcerated in Medina County, was arrested in Brunswick, Ohio, pursuant to a police search of three residences suspected of being "grow" houses used for the indoor cultivation of marijuana. Plaintiff Dung Ha was present in one of the residences, an apartment, for which the police had obtained a warrant to search. On June 23, 2006, Plaintiff was indicted on multiple counts, including Possession and Cultivation of Marijuana. On February 7, 2007, Plaintiff filed a Motion to Suppress the contents of the search and a Motion to Suppress for lack of probable cause to make a warrantless arrest. After hearings in which testimony was presented, both

1

motions were overruled.  On April 11, 2007, Plaintiff was tried before a jury and was found guilty of two counts of Conspiracy to Commit Illegal Cultivation of Marijuana in violation of Ohio Revised Code Section 2923.01(A)(1) and 2925.04 (A)(C)(5)(f).  The jury further found the amount of marijuana exceeded 20,000 grams on both counts.  Plaintiff has not been sentenced.

## Plaintiff's Claims

Plaintiff Dung Ha's Complaint alleges he was visiting the residents of the apartment when the Defendants searched the residence which had been under police surveillance prior to Plaintiff's visit.  Plaintiff contends his detention and arrest lacked probable cause and was without legal process in violation of the constitutional prohibition against unlawful seizures without due process.  Plaintiff further alleges state law negligence, gross negligence and intentional infliction of emotional distress claims against Defendants.  Plaintiff also alleges violation of his Fourth Amendment right to be free from unreasonable seizures brought pursuant to 42 U.S.C. 1983.  Finally, Plaintiffs Thuy T. Nguyen, Plaintiff's wife, Duong Ha, Plaintiff's daughter, and James Ha, Plaintiff's son, allege loss of consortium claims against Defendants as a result of Plaintiff Dung Ha's detention and incarceration.

## Defendants' Motion

Defendants move this Court to Abstain or Stay pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).  Defendants allege and Plaintiff does not contest, Plaintiff has not yet been sentenced.  Furthermore, Plaintiff has not had an opportunity to pursue any appropriate appeals stemming from his conviction in state court.  Plaintiffs correctly contend Dung Ha's indictment does not bar claims brought under 42 U.S.C. §1983, however, Plaintiffs agree a stay is warranted pursuant to the recent Supreme Court holding in *Wallace v. Kato*, (2007), 127 S. Ct. 1091, 1098

2

**<u>Younger Doctrine</u>**

The United State Supreme Court in *Younger v. Harris*, determined federal courts should not interfere with ongoing state criminal proceedings absent a showing of extraordinary circumstances.  In the absence of "bad faith, harassment or any other unusual circumstance," federal courts should abstain whenever a plaintiff seeks to obtain an injunction against a state court proceeding.  *Younger at* 37.   Three elements must be present for the *Younger* doctrine to apply: (1) an ongoing state judicial proceeding; (2) the proceeding must implicate an important state interest; and (3) there must be an adequate opportunity in the state proceeding to raise constitutional challenges.  *Sun Ref. & Mktg. Co. v. Brennan*, 921 F. 2d 635, 639 (6th Cir. 1990). "So long as the constitutional claims of respondents can be determined in the state proceedings and so long as there is no showing of bad faith, harassment, or some other extraordinary circumstances that would make abstention inappropriate, the federal courts should abstain." *Middlesex*, 457 U.S. at 435.

Moreover, the Sixth Circuit has held the *Younger* doctrine applies in cases where Plaintiffs seek monetary damages.  See *Carroll v. City of Mount Clemens,* 139 F.3d 1072, 1075 (6th Cir. 1998) (holding, "[plaintiff's] present federal action for damages under 42 U.S.C. §1983 and the Fair Housing Act is a textbook case for *Younger* abstention"); *Schilling v. White,* 58 F.3d 1081, 1084 (6th Cir.1995) ("our Circuit has recognized that the relevant inquiry when considering abstaining under *Younger* is the nature and degree of the state's interest in its judicial proceedings, rather than whether a party is seeking injunctive relief or monetary damages.")

Therefore, the Court must examine Plaintiffs' claims and apply the three-part test set forth in *Younger* to determine whether abstention is appropriate.

Under the first prong of *Younger*, courts must consider whether proceedings in state court are pending. Here, Plaintiff has been found guilty by a jury and is awaiting sentencing. In *Huffman v. Pursue Ltd.,* (1975) 420 U.S. 592, 608-609, the United States Supreme Court held *Younger* principles apply until a federal plaintiff exhausts his state appellate remedies. In *Huffman,* the Supreme Court explained its rationale for applying *Younger* throughout the appellate process:

> Virtually all of the evils at which *Younger* is directed would inhere in federal intervention prior to completion of state appellate proceedings, just as surely as they would if such intervention occurred at or before trial. Intervention at the later stage is if anything more highly duplicative, since an entire trial has already taken place, and it is also a direct aspersion on the capabilities and good faith of state appellate courts.

*Id.* at 608. The Supreme Court went on to say, "[w]e therefore hold that *Younger* standards must be met to justify federal intervention in a state judicial proceeding as to which a losing litigant has not exhausted his state appellate remedies." *Id.*

Therefore, the case before this Court satisfies the first prong of *Younger* since Plaintiff's sentencing is still pending.

Under the second prong of *Younger*, the proceedings "must implicate an important state interest." In *Miskowski v. Peppler,* 36 Fed. Appx. 556, 557 (6th Cir. 2002) the Sixth Circuit held that punishing conduct proscribed by statute satisfied the important state interest prong under *Younger*. Here, the Defendants detained and arrested Plaintiff, who was subsequently found guilty, for conduct proscribed by statute. Therefore, the second prong of *Younger* is satisfied.

Finally, under the third prong of *Younger*, there must be an adequate opportunity in the state proceeding to raise constitutional challenges. Federal courts "must presume that the state courts are able to protect the interests of federal plaintiff." *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th

Cir. 1995). In the case at bar, Plaintiff had an opportunity assert his constitutional defenses in the criminal proceedings and Plaintiffs do not contend the state courts are inadequate. Nor do Plaintiffs allege bad faith, harassment or extraordinary circumstances precluding this Court from exercising its abstention powers under *Younger*. Therefore, the Court finds the third prong of *Younger* is satisfied.

Though the Court finds abstention under *Younger* is appropriate and proper, the Court elects to stay the proceedings in order to protect against the uncertainty raised by *Wallace v. Kato* of the preservation of Plaintiffs' claims potentially barred by the relevant statute of limitations. Furthermore, the United States Supreme Court recognized courts should stay proceedings in claims seeking monetary relief when those monetary relief claims cannot be addressed in state court. See *Deakins v. Monaghan*,(1988) 484 U.S. 193, 202. Here, Plaintiffs may assert constitutional defenses in the criminal proceedings but may not seek monetary damages for the alleged constitutional violations. Therefore, the Court STAYS the proceedings in this case until Plaintiff Dung Ha is sentenced.

IT IS SO ORDERED.

| | |
|---|---|
| October 25, 2007 | S/Christopher A. Boyko |
| Date | CHRISTOPHER A. BOYKO |
| | United States District Judge |